# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO O. RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00749-LJO-SAB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Alejandro O. Rodriguez, proceeding pro se, filed the complaint in this action on May 15, 2015. For the reasons stated below, the Court finds that Plaintiff's complaint fails to state a claim.

## I.

## SCREENING REQUIREMENT

    Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

1  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

2  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim
3  to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at
4  570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability .
5  . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal,
6  556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as
7  true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal
8  conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of
9  action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550
10 U.S. at 555).

## II.

## COMPLAINT ALLEGATIONS

13  On September 10, 2004, Plaintiff purchased property located in Visalia, California which
14  was financed by Bank of America. (Compl. ¶¶ 15, 16, ECF No. 1.) Plaintiff executed a
15  promissory note for $124,000.00 on September 30, 2004 with Defendant Bank of America. (Id.
16  at ¶ 16.) The loan was an adjustable rate loan with a five year adjustable rate rider allowing the
17  interest rate to increase by 2.250% each year. (Id. at ¶ 17.) Plaintiff built a home on the property
18  that was completed on March 30, 2006. (Id. at ¶ 18.)

19  Subsequently, on September 18, 2009, Bank of America recorded a notice of default
20  stating that $4,406.26 was due to reinstate the mortgage loan. (Id. at ¶ 21.) On February 19,
21  2010, Bank of America and Cal Western Reconveyance Corporation filed a notice of default and
22  election to sell the property. (Id. at ¶ 22.) The property was eventually sold for $223,000.00 on
23  September 4, 2012. (Id. at ¶ 38.) Plaintiff alleges that the defendants failed to comply with the
24  California Civil Code in foreclosing on and auctioning the property. Plaintiff brings this action
25  against Defendants Bank of America and Reconstruct Company to quiet title to the property; and
26  against Defendants Bank of America, Reconstruct Company, Cal-Western Reconveyance
27  Corporation; and Northwest Trustee Services for wrongful foreclosure seeking monetary
28  damages, and declaratory and injunctive relief. (Id. at ¶¶ 41-49.)

## III.

## DISCUSSION

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

Plaintiff's complaint states that this action in brought for violation of the Fourth, Seventh, and Fourteenth Amendments and Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, however, Plaintiff's stated causes of action do not include any of these claims. Furthermore, the Court finds that the complaint is devoid of any factual allegations that would plead a statutory or constitutional violation. To state a claim, Plaintiff must include sufficient factual allegations for the Court to reasonably infer that his federal rights were violated.

**A.   The Constitution of the United States**

Plaintiff's complaint references the Fourth, Seventh, and Fourteenth Amendments to the United States Constitution. Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's complaint does not allege that any of the defendants in this action were state actors. The

3

1 complaint contains no factual allegations that any of Plaintiff's constitutional rights were
2 violated.

### B. 18 U.S.C. § 1961 et seq.

Plaintiff's complaint states that he brings this action for violation of RICO. RICO, which was passed in 1970 as Title XI of the Organized Crime Control Act, provides for both criminal and civil liability for certain prohibited activities. <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 545 (9th Cir. 2007). Pursuant to section 1962:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.
>
> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

Plaintiff does not allege which prohibited activities he is contending were violated by the acts alleges in the complaint. Nor does the complaint allege a pattern of racketeering activity by any defendant. Plaintiff's complaint fails to state a plausible claim for a violation of RICO.

### C. State Law Violations

Plaintiff's complaint alleges only state law causes of action. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court

4

"shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ." "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

The Court declines to reach the viability of Plaintiff's state law tort claim at this time as the Court will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

**D.      Leave to Amend**

"Generally, Rule 15 advises the court that 'leave [to amend the complaint] shall be freely given when justice so requires.'  This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  The factors the Court should consider in deciding whether to grant leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  Id. at 1052.  In accordance with the "extreme liberality" with which leave to amend should be granted, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies identified herein.

Plaintiff is advised that under Twombly and Iqbal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678.  This requires factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  Id.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  Id.  Further, while the court is to accept all "well pleaded factual

allegations" in the complaint as true, id. at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555.

Further, Plaintiff includes a declaration in which he alleges that Defendant Bank of America continued a pattern of recording fraudulent documents. (Decl. of Plaintiff Alejandro O. Rodriguez in Support of Compl. 5, ECF No. 1-2.) However, when alleging a claim for fraud, Plaintiff's complaint must meet the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). Plaintiff's complaint fails to comply with Rule 9.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state any cognizable federal claims.

Accordingly, it is HEREBY ORDERED that Plaintiff's complaint is dismissed, with leave to amend. Plaintiff shall file his amended complaint, if any, within thirty (30) days from the date of service of this order. Plaintiff is forewarned that failure to file a timely amended complaint will result in a recommendation that this action be closed.

IT IS SO ORDERED.

Dated: **June 15, 2015**

UNITED STATES MAGISTRATE JUDGE